DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HICA Education Loan Corporation, | ) | |
| | ) | CASE NO. 4:12 CV 962 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| Anthony T. Jones aka Anthony T. Jones, Jr. | ) | |
| | ) | |
| Defendant. | ) | |

A. <u>Introduction</u>

Defendant was served with plaintiff's complaint to enforce an indebtedness arising under the United States Health Education Assistance Loan (HEAL) Program in connection with six (6) promissory notes signed by defendant pursuant to the provisions of HEAL's statutes and regulations. According to the complaint, the six notes at issue were sold and assigned by the Student Loan Marketing Association (SLMA) to plaintiff.

Defendant did not file a responsive pleading to plaintiff's complaint. At plaintiff's request, the Clerk entered default against defendant Anthony T. Jones, aka Anthony T. Jones, Jr., on June 15, 2012. ECF 9.

Presently pending before the Court is plaintiff's motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure seeking a sum certain of $18,860.64, plus additional prejudgment interest from May 31, 2012 to the date of judgment at a rate of $1.75 per day. ECF 10. Additionally, plaintiff requests post-judgment interest. Plaintiff's motion contains a certificate of service reflecting that a copy of plaintiff's motion for default judgment was mailed to defendant by first class mail. No response by defendant has been filed to plaintiff's motion.

(4:12 CV 962)

B.     Law and Analysis

After a default has been entered pursuant to Rule 55(a), the party seeking relief from a defaulting party may apply for default judgment pursuant to Rule 55(b). A default on well-pleaded allegations establishes defendant's liability, but plaintiff bears the burden of establishing damages. *Flynn v. People's Choice Home Loans, Inc.,* 440 Fed. Appx. 452, 457 (6th Cir. 2011)(citing *Antoine v. Atlas Turner, Inc.,* 66 F.3d 105, 110 (6th Cir. 1995)).

In order to enter default judgment, the Court must determine the amount of damages. The Court may determine damages either by holding an evidentiary hearing or may determine the amount of damages by affidavit and/or other documentary evidence. *See* Rule 55(b). An evidentiary hearing is not required by Rule 55(b) if the amount of damages can be determined by computation from the record before the Court. In support of its motion for default judgment, plaintiff has supplied the affidavit of Robin Zimmerman, a Senior Litigation Analyst for Sallie Mae. ECF 10-1.

In its motion for default judgment, plaintiff seeks the following damages:

1. Unpaid principal on 6 loans in the amount of:           $18,662.79

2. Accrued unpaid interest through 5/30/12 in the amount of:      $    197.85

3. Unpaid interest from 5/31/12 to the date of judgment at        $      1.75 per day

4. Post-judgment interest.

The six notes at issue are attached to plaintiff's complaint as well as the sale and assignment document for those notes from Sallie Mae to plaintiff HICA Education Loan Corporation. The original amount of the loans and the unpaid balances, according to the sworn statement of Robin Zimmerman,

2

(4:12 CV 962)

are as follows:

| Note # | Amount of Note | Unpaid Principal | Unpaid interest through 5/30/12 |
|---|---|---|---|
| 1 (November 3, 1983) | $8,354.00 | $4,438.82 | $48.91 (44 cents per day) |
| 2 (September 21, 1984) | $7,000.00 | $3,265.80 | $35.98 (32 cents per day) |
| 3 (February 25, 1985) | $6,000.00 | $2,820.27 | $31.08 (27 cents per day) |
| 4 (July 30, 1985) | $6,500.00 | $3,018.25 | $33.26 (29 cents per day) |
| 5 (December 17, 1985) | $10,000.00 | $4,094.19 | $38.89 (35 cents per day) |
| 6 (April 29, 1986) | $2,500.00 | $1,025.46 | $9.73 (8 cents per day) |
| **TOTAL** | | $18,662.79 | $197.85 |

C.    Conclusion

The Court finds that the documentary evidence submitted to the Court in support of plaintiff's motion for default judgment is sufficient to determine a sum certain and it is not necessary for the Court to conduct an evidentiary hearing to ascertain damages. Accordingly, plaintiff's motion for default judgment in the amount of $18,662.79 in unpaid principal, $197.85 in prejudgment interest on the unpaid principal through May 30, 2012, prejudgment in the amount of $1.75 per day from May 31, 2012 to the date of judgment, is GRANTED. Further, the Court awards post judgment interest at the contractual rate set forth in the subject HEAL loans.

The Clerk is directed to mail a copy of this Memorandum Opinion to defendant at his address of record. The Court will separately publish a Judgment Entry.

IT IS SO ORDERED.

August 16, 2012                             s/ David D. Dowd, Jr.
Date                                        David D. Dowd, Jr.
                                            U.S. District Judge